# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tao J., | Case No. 18-CV-1845 (NEB/HB) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY; GENERAL WILLIAM BARR, United States Attorney General; PETER BERG, ICE Field Office Director; and KURT FREITAG, Freeborn County Sheriff,[1] | |
| Respondents. | |

This is a habeas action brought under 28 U.S.C. § 2241 by Petitioner Tao J., a removable alien being held in custody by Immigration and Customs Enforcement ("ICE"). Petitioner seeks to be released pending the resolution of an appeal taken by the Department of Homeland Security ("DHS") to a grant of asylum by an Immigration Judge ("IJ"). [*See* ECF No. 1 ("Pet.") at 6, 8.] In a Report and Recommendation dated November 2, 2018 [ECF No. 14 ("R&R")], United States Magistrate Judge Hildy Bowbeer recommended that an IJ provide Petitioner with a bond hearing. Respondents Secretary

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court orders that William Barr, United States Attorney General shall replace Jefferson Sessions and Peter Berg, Acting Field Office Director, United States Immigration and Customs Enforcement shall replace Scott Baniecke on the case caption.

of the Department of Homeland Security, United States Attorney General William Barr and Peter Berg, acting ICE Field Office Director (collectively, the "government") object to the R&R. Based on a *de novo* review of the R&R, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules government's objections, accepts the R&R, and requires that Petitioner be provided with a bond hearing before an IJ within thirty days of this order.

## BACKGROUND

The undisputed facts are set forth in the R&R and are incorporated by reference for purposes of the government's objections. In short, Petitioner, a citizen and national of China, entered the United States on December 9, 2009, on a student visa, and became a legal permanent resident on June 10, 2015. (R&R at 2.) On January 23, 2018, Petitioner was convicted of possessing more than ten pounds of marijuana, in violation of South Dakota Codified Law 22-42-6. (*Id.*) Petitioner was committed to ICE custody on January 31, 2018. (*Id.*) Petitioner requested to be released on bond, but the IJ denied the request and found he was subject to mandatory detention under 8 U.S.C. § 1226(c). (*Id.*) An order for mandatory detention was issued on February 20, 2018. (*Id.*) On April 27, 2018, an IJ granted Petitioner's application for asylum pursuant to his demonstrated past persecution based on religion, and fear of future persecution. (*Id.*) The IJ did not order Petitioner removed. (R&R at 2-3.) DHS appealed the IJ's decision to the Board of Immigration Appeals ("BIA") on May 18, 2018. (R&R at 3.) To this Court's knowledge, that appeal remains pending.

2

In the R&R, Judge Bowbeer concluded that Petitioner's continued detention without a bond hearing would deprive him of his right to due process under the Fifth Amendment. (R&R at 14-15.) Judge Bowbeer recommended that the § 2241 petition be granted in part, in that Petitioner be provided with a bond hearing before an IJ to determine whether his continued detention is necessary to protect the public or prevent him from fleeing during the pendency of immigration proceedings. (*Id.* at 15.) Judge Bowbeer recommended that the Petition be denied with respect to the Petitioner's request for immediate release. (*Id.*)

The government filed an objection to the R&R on November 16, 2018. [ECF No. 15 ("Resps' Obj.").] The government disagrees that Petitioner is entitled to a bond hearing. (*Id.* at 2). The government argues that Petitioner's removability is established based upon the IJ's finding that Petitioner is removable to China by clear and convincing evidence, due to his conviction for possession of greater than 10 pounds of marijuana. (Resps' Obj. at 3.) Further, the government argues that while the writ of habeas corpus may be an appropriate safety valve to protect an individual's due process clause rights in extraordinary cases, this is not such a case.

On January 16, 2019, Petitioner filed his response to the government's objection, stating that the R&R should be adopted in full.[2] [ECF No. 17 at 2.] Because no party has

---

[2] The Court notes that this document was filed as an "objection;" however, the title of the document is "Follow the Decision." The Court considers ECF No. 17 as a response to the government's objection.

objected to the R&R's conclusion that Petitioner's request for immediate release should be denied, the Court reviews that conclusion for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, the Court accepts the R&R's conclusion that the request for immediate release be denied.

## ANALYSIS

Detention under 8 U.S.C. § 1226(c) is mandatory during removal proceedings for certain criminal aliens such as Petitioner. The Supreme Court has held that detention under § 1226(c) is consistent with the Due Process Clause for the "brief period necessary" required to complete removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 513 (2003). However, constitutional concerns arise when detention ceases to be brief. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (holding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem"); *Reno v. Flores*, 507 U.S. 292, 306, (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.") To avoid due process concerns, courts have construed § 1226(c) to have a reasonableness limitation on the length of detention. *See, e.g., Reid v. Donelan*, 819 F.3d 486 (1st Cir. 2016), *withdrawn, Reid v. Donelan*, No. 14–1270, 2018 WL 4000993 (1st Cir. May 11, 2018); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3rd Cir. 2011); *Lora v. Shanahan*, 804 F.3d 601, 614 (2nd Cir. 2015), *cert. granted, vacated, Shanahan v. Lora*, 138 S. Ct. 1260 (2018). Recently, the Supreme Court has rejected using the canon of constitutional avoidance to employ an implicit temporal limitation on pre–removal

4

detention, finding the plain language of § 1226(c) unambiguously "makes clear that detention of aliens within its scope *must* continue 'pending a decision' on removal." *Jennings v. Rodriguez,* 138 S. Ct. 830, 835, (2018) (emphasis in original). Despite reversing the Ninth Circuit's holding that aliens detained under § 1226(c) were entitled to bond hearings every sixth months, *Jennings* did not address whether, at a certain point, prolonged detention implicates the Due Process Clause. *Id.* at 851.

Both Petitioner and the government agree that due process imposes some limitations on § 1226(c) detention. The parties differ, though, on when detention becomes so unreasonably long as to violate due process. Specifically, the government contends that only in "extraordinary cases" when the government causes unreasonable delay should a petitioner be entitled to a bond hearing. (Resps' Obj. at 5, 10); *see Demore*, 538 U.S. at 532–33 (Kennedy, J. concurring) ("were there to be an unreasonable delay by the [government] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is … to incarcerate for other reasons."). This argument fails to recognize that the Supreme Court limited its *Demore* holding to a brief period of detention under § 1226(c). *See Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *2 (D. Minn. Sept. 18, 2018) (discussing and citing the "repeated references to the brevity of detention under § 1226(c)"in *Demore*). Moreover, as noted by many other courts, *Jennings* remanded the issue of the constitutionality of prolonged detention under § 1226(c), and thus it did not abrogate previous circuit court holdings

"that detention under § 1226(c) may violate due process if unreasonably long." *Oscar C. L. v. Green*, No. CV 18-9330 (KM), 2019 WL 1056032, at *2 (D.N.J. Mar. 6, 2019) (citing and quoting *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) and *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018)). The Court therefore is unpersuaded that the detention can become unconstitutionally prolonged only in the instance where the government is engaging in dilatory tactics.

As correctly analyzed by Judge Bowbeer, the Eighth Circuit has not addressed the issue of prolonged detention under § 1226(c) post–*Jennings*, but other courts have adopted a fact–based inquiry when determining whether detention is reasonable. (R&R at 9 (citing *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *2 (D. Minn. Sept. 18, 2018).)[3] In assessing due process challenges to § 1226(c) detentions, courts consider several factors to determine when "continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless" a bond hearing is provided. *Muse*, 2018 WL 4466052, at *3 (citation and quotation marks omitted). These factors include: (1) the total length of detention to date; (2) the

---

[3] In a footnote to the *Muse* decision, Judge Schiltz acknowledged that the First Circuit withdrew its decision in *Reid* following the Supreme Court's opinion in *Jennings*. *Muse*, 2018 WL 4466052, at *3 n.3. Nonetheless, the Court agrees with Judge Schiltz's determination that "[t]he *Reid* factors 'represent a reasonable framework for balancing the due process interests at stake' even though they were 'originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c),' *Portillo v. Hott*, No. 1:18-470, 2018 WL 3237898, at *7-9 (E.D. Va. July 3, 2018), and even though the First Circuit withdrew the *Reid* decision after the Supreme Court decided *Jennings*, 2018 WL 4000993." *Id.*

likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.*

The first factor evaluates the length of detention to date. This inquiry "contemplates how long th[e] deprivation has lasted…" and is critical of detention that a can no longer be categorized as "brief." *Id.* at *4; *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. 17-CV-5055 (DWF/DTS), 2018 WL 2392205, at *5 (D. Minn. Mar. 26, 2018) (providing that the longer detention continues, the harder it is to justify continued detention), *Report and Recommendation adopted*, No. 17-CV-5055 (DWF/DTS), 2018 WL 2390132 (D. Minn. May 25, 2018). Petitioner has been detained since January 31, 2018, or for about 14.5 months. Although there is no bright–line rule for what constitutes a reasonable length of detention, Petitioner's detention has lasted beyond the "brief" period assumed in *Demore*. *See Demore*, 538 U.S. at 526, 529 (noting "in the majority of cases [detention] lasts for less than 90 days"). Other courts have required bond hearings for detentions of similar and much shorter lengths. *See Muse*, 2018 WL 4466052, at *4 (collecting cases). The length of Petitioner's detention thus weighs in favor of granting relief.

The second factor considered is the likely duration of future detention in the absence of judicial relief. The government rejects the R&R and *Muse's* approach of considering the anticipated duration of all removal proceedings, including

administrative and judicial appeals. (*See* Resps' Obj. at 6.) According to the government, this approach requires speculation and improperly considers the length of an appeal to the Eighth Circuit, which would be under a different statute, 8 U.S.C. § 1231. (*Id.*) Regardless of whether the Court considers the time frame during a possible appeal to the Eighth Circuit, removal proceedings here are certain to continue for many more months and are not "in their final stage." (Resps' Obj. at 8.) The government appealed the IJ's grant of asylum to Petitioner on May 17, 2018 and it is impossible to know when the BIA will rule on that appeal. Moreover, as noted by the R&R, although Petitioner has conceded removability, there is not yet a final order of removal. Additionally, should the government be successful in its appeal, it is likely that Petitioner will appeal to the Eighth Circuit which could extend Petitioner's detention for many months. Because Petitioner may be detained for many months before removal proceedings are complete, this factor supports granting relief.

The third factor considers the conditions of Petitioner's detention. "Aliens held under § 1226(c) are subject to civil detention rather than criminal incarceration." *Muse*, 2018 WL 4466052, at *5 (citation and quotation marks omitted). Whether the conditions of civil immigration detention are meaningfully different from those of criminal detention factors into the reasonableness of Petitioner's detention. *Jamal A. v. Whitaker*, No. 18-CV-1228 (PJS/BRT), 2019 WL 549722, at *4 (D. Minn. Jan. 22, 2019) (citation and quotation marks omitted). The government does not dispute that Petitioner is being held

at a criminal correctional facility, (Resps' Obj. at 8.) and thus this factor weighs in Petitioner's favor.

The fourth factor weighs whether the detainee has caused any delays of the removal proceedings. The government concedes that Petitioner has not caused any delays, (Resps' Obj. at 8), and the Court agrees Petitioner has not engaged in dilatory tactics and finds this factor favors granting relief. *See Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) (balancing petitioner's right to "explore avenues of relief" against engaging in dilatory tactics to stall deportation and compel release from detention). Petitioner is entitled to raise legitimate defenses to removal, including seeking asylum, and such challenges to his removal cannot undermine his claim that detention has become unreasonable. *See Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *9 (S.D.N.Y. July 25, 2018) ("the mere fact that a noncitizen opposes his removal is insufficient to defeat a finding of unreasonably prolonged detention, especially where the Government fails to distinguish between bona fide and frivolous arguments in opposition"). This factor favors Petitioner.

The fifth factor considers any delays in the removal proceedings caused by the government. The Court agrees with the government that it has not caused any delays in the removal proceedings and, like Petitioner, has the right to makes arguments in support of its position. *See Muse,* 2018 WL 4466052, at *6 (concluding that the government did not

engage in dilatory tactics when it only advanced non–frivolous arguments). Therefore, this factor supports continued detention.

The last factor weighs the likelihood that the removal proceedings will result in a final order of removal. The Court agrees it is not in the position to weigh the merits of the removal order and thus finds this factor to be neutral. The Court cannot predict what will occur with DHS's appeal to the BIA, and thus does not have a sufficient basis to determine whether Petitioner will likely be removed.

In sum, because the analysis ultimately weighs in favor of granting relief, the Court rules that Petitioner is entitled to a bond hearing before an immigration judge to determine whether he is a flight risk or danger to the community. Continued detention without a bond hearing would otherwise deprive Petitioner's rights under the Due Process Clause. *See Muse*, 2018 WL 4466052, at *6 ("Such a hearing will protect both Muse's rights under the Due Process Clause and the government's legitimate interest in detaining a removable alien when such detention is necessary to serve the purposes of § 1226(c).") (citing *Portillo*, 2018 WL 3237898, at *8).

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Respondents' objections [ECF No. 15], and ACCEPTS the R&R [ECF No. 14].

**IT IS HEREBY ORDERED** THAT:

1. The R&R is hereby **ACCEPTED;**

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **GRANTED IN PART**, and **DENIED IN PART**, as follows:

    a. An Immigration Judge must provide Petitioner with a bond hearing within thirty days of this Order. At the bond hearing, the Immigration Judge must make an individualized determination regarding whether detention is necessary to protect the community or to prevent Petitioner from fleeing; and

    b. The Petitioner's request for immediate release is **DENIED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 30, 2019BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge